UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FIRUZKHON ABBOSOV,

Petitioner,

v.

BRIAN ENGLISH *et al.*,

Respondents.

CAUSE NO. 3:26cv381 DRL-SJF

<u>ORDER</u>

Immigration detainee Firuzkhon Abbosov, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition and attached exhibits, Mr. Abbosov is a native and citizen of Uzbekistan who entered the United States without inspection in September 2023 with his wife and child. He was apprehended by immigration authorities and released on his own recognizance on September 7, 2023 [1-4 (Order of Release on Recognizance)]. He and his family filed a family-based application for asylum in October 2023 with United States Citizenship and Immigration Services (USCIS), with his wife as the primary applicant. He was detained by United States Immigration and Customs Enforcement (ICE) around May 2025, and after his detention he filed his own asylum application as the primary applicant.

Mr. Abbosov was ordered removed to Uzbekistan on October 14, 2025. His application for asylum was denied, but he was granted withholding of removal under 8 U.S.C. § 1231(b)(3) to Uzbekistan [1-5 (Immigration Judge Order)]. Mr. Abbosov filed this habeas petition in March 2026, arguing his continued detention has become unreasonable and seeking his release on supervision.

Mr. Abbosov argues his detention is unreasonable because he has remained detained despite being granted withholding of removal and despite the absence of any showing that his actual removal is significantly likely in the reasonably foreseeable future.

Looking at the merits of the petition, the court follows the analysis set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Mr. Abbosov's removal period began on November 13, 2025, when the time to file an appeal with the BIA expired. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b) (2025). It ended on February 11, 2026.

Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal

firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[1] Mr. Abbosov was ordered removed based on a charge under 8 U.S.C. § 1182(a)(6)(A)(i) of not being admitted or paroled after inspection by an immigration officer [1-2]. Thus, his continued detention is permissible as an inadmissible alien.

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To avoid a constitutional due process problem with § 1231(a)(6), including for a noncitizen who remains in the country after being ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

The law materially defers this difficult judgment to the Executive Branch for a total six-month period, as detention then is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. After this six-month period, if the petitioner "provides good

---

[1] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701 (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

Mr. Abbosov remains within the presumptively reasonable six-month period of detention until May 13, 2026. Perhaps that fact alone would be enough for some to deny his petition outright, though one would need to wrestle first with the Supreme Court's conscious choice and repeated use of the word "presumption" throughout *Zadvydas* first. Even so, the presumption has not been rebutted today.

Withholding removal to Uzbekistan means that Mr. Abbosov may not be removed to Uzbekistan, but that does not preclude him from being removed to another country that will accept him. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 531–32 (2021) ("If an alien is granted withholding-only relief, DHS [the Department of Homeland Security] may not remove the alien to the country designated in the removal order unless the order of withholding is terminated. But because withholding of removal is a form of country specific relief, nothing prevents DHS from removing the alien to a third country other than the country to which removal has been withheld or deferred[.]") (cleaned up). Mr. Abbosov argues no other country has agreed to accept him. Maybe so for now, but that does not mean that it cannot occur, and the court largely defers such decisions by the government during the full six months rather than thrusts the burden back on the government merely because of a petitioner's belief about what might happen. *See Zadvydas*, 533 U.S. at 700–01. His detention remains reasonable under the standard set in *Zadvydas*.

Alternatively, Mr. Abbosov argues that his continued detention is unreasonable as applied to him because he has particular medical challenges that make his detention unreasonable.[2] The court does not have jurisdiction in a habeas petition to decide issues about medical care or other conditions of confinement. The scope of a habeas petition is limited to questions about the fact or duration of confinement, not conditions. *See, e.g.,* *Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."); *see generally Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 114–15, 118 (2020) (asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody . . .. Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ."); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("E.F.L.'s habeas petition does not 'contest[ ] the lawfulness of restraint' or seek to 'secur[e] release' from custody; it instead vies for her right to 'remain in [the United States] or to obtain administrative review potentially leading to that result.'") (quoting *Thuraissigiam*, 591 U.S. at 117). Mr. Abbosov's medical conditions do not provide a basis for his release.

For these reasons, the court DENIES the petition [1] and DIRECTS the clerk to close this case.

---

[2] Mr. Abbosov stated that he will submit medical records under seal. He has not submitted these records, but the specifics of his medical condition are not necessary to decide this petition.

SO ORDERED.

April 20, 2026                              _s/ Damon R. Leichty_____
                                           Judge, United States District Court